DLM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NARRAGANSETT IMAGING, LLC :
Plaintiff, :
v. :
IDENTIFICATION INTERNATIONAL, INC. :
Defendant. :

CA 08 92S
C.A. No.

**JURY TRIAL DEMANDED**

**COMPLAINT**

Plaintiff Narragansett Imaging, LLC ("Narragansett") brings this action against defendant Identification International, Inc. ("I3") for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment and fraud alleges as follows:

**PARTIES**

1. Plaintiff Narragansett is a Delaware limited liability company with its principal place of business in Slatersville, Rhode Island. Narragansett develops and manufactures customized imaging subsystems, including camera tubes and digital camera modules, for use in high resolution imaging systems. Among other products, Narragansett develops and manufactures customized high resolution, megapixel, CCD-cameras that are applied in fingerprint and palm-print recognition systems.

2. Upon information and belief, defendant I3 is a Nevada corporation with its principal place of business in Blacksburg, Virginia. Upon information and belief, defendant develops biometric technology for security applications and supplies, among other things, live

scan fingerprinting systems for use throughout the country and internationally by banking systems, the military and other entities that perform background checks.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that the matter in controversy is between citizens of different states and exceeds the sum of $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over defendant because among other things, plaintiff and defendant met in Rhode Island numerous times, plaintiff developed the customized products for defendant in Rhode Island, plaintiff manufactured the customized products for defendant in Rhode Island, plaintiff stored product for defendant in Rhode Island, plaintiff shipped the customized products from Rhode Island and payments to plaintiff were to be made into Rhode Island.

5. Venue is properly laid here pursuant to 28 U.S.C. § 1391.

## FACTS

6. In or about late 2004 or early 2005, defendant contacted Narragansett to inquire whether Narragansett could develop and manufacture a customized camera product that could be used and sold as part of defendant's biometric technology systems.

7. On or about November 22, 2005, Narragansett issued a Quotation to defendant for 2,000 6.6MP CMOS-USB Board Level cameras with a unit price of $792 per camera, plus $500 for the first 150 cameras as a nonrecurring engineering fee. The quotation also stated if 2,000 cameras were not shipped, Narragansett would charge a higher price per unit, depending on how many were shipped. (A true copy of the Quotation is attached as Exhibit 1.)

8. On or about November 28, 2005 defendant issued Purchase Order 1032 to Narragansett for 2,000 6.6MP CMOS-USB Board Level cameras for a total price of $1,644.000. (A true copy of the purchase order is attached as Exhibit 2.)

9. On or about November 30, 2005, Narragansett issued an Order Acknowledgment for Purchase Order 1032. The Order Acknowledgment states if 2,000 cameras were not shipped, Narragansett would charge a higher price per unit, depending on how many were shipped. (A true copy of the Order Acknowledgment is attached as Exhibit 3.)

10. Thereafter, Narragansett worked closely with defendant on the project. Narragansett dedicated significant resources to develop and manufacture the customized camera product and the video board electronics to support each camera.

11. In late 2005, Narragansett completed the product-development stage and began manufacturing the cameras and electronics in its Slatersville plant.

12. Thereafter, Narragansett began shipping the cameras and supporting video board electronics to defendant for sale together with defendant's specialized biometric technology.

13. Defendant acknowledged that plaintiff's customized camera and supporting electronics addressed problems that had plagued defendant's systems in the past. Defendant also expressed gratitude that Narragansett's camera allowed defendant to gain access to segments of the biometrics market it had previously been unable to realize.

14. Upon information and belief, because of the preferred pricing associated with the volume order, defendant never requested that Narragansett manufacture or ship fewer than 2,000 customized cameras.

15. On or about October 31, 2007, Narragansett shipped 200 cameras to defendant. Narragansett sent defendant an invoice in the amount of $158,445.85 for that shipment, but defendant failed to pay the invoice. (A true copy of the invoice is attached as Exhibit 4.)

16. On or about November 21, 2007 Narragansett shipped 200 cameras to defendant. Narragansett sent defendant an invoice in the amount of $158,441.12 for that shipment, but defendant failed to pay the invoice. (A true copy of the invoice is attached as Exhibit 5.)

17. On or about November 28, 2007, Narragansett shipped 25 cameras to defendant. Narragansett sent defendant an invoice in the amount of $19,813.61 for that shipment, but defendant failed to pay the invoice. (A true copy of the invoice is attached as Exhibit 6.)

18. On or about December 14, 2007, Narragansett shipped 170 cameras to defendant. Narragansett sent defendant an invoice in the amount of $134,683.17. Defendant failed to pay the invoice. (A true copy of the invoice is attached as Exhibit 7.)

19. On or about December 31, 2007, Narragansett shipped 10 cameras to defendant. Narragansett sent defendant an invoice in the amount of $7,929.12 for that shipment, but defendant failed to pay the invoice. (A true copy of the invoice is attached as Exhibit 8.)

20. On or about January 18, 2008, Narragansett shipped 45 cameras to defendant. Narragansett sent defendant an invoice in the amount of $35,659.35 for that shipment, but defendant failed to pay the invoice. (A true copy of the invoice is attached as Exhibit 9.)

21. Upon information and belief, defendant knew in October and November 2007 that it could not pay Narragansett for the shipments from that period forward. Despite that knowledge, defendant never informed Narragansett that it could not pay, nor did it request that Narragansett stop manufacturing or shipping the products because defendant would have been

short of the 2,000 order requirement, which would allow Narragansett to back charge it the higher prices in the parties' agreement.

22. Additionally, in December 2007, defendant represented that it was forecasting purchasing an additional 2,000 units in 2008 plus additional units if it could close a big deal in late December/early January.

23. As of March 7, 2008, defendant owes Narragansett $537,837.06, plus interest.

**COUNT I**
**(Breach of Contract)**

24. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. Plaintiff fully performed under the terms of the parties' agreement.

26. Defendant defaulted on and breached its obligations under the agreement when it failed to pay plaintiff.

27. Plaintiff has been damaged thereby.

**COUNT II**
**(Breach of the Covenant of Good Faith and Fair Dealing)**

28. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Defendant was a party to and agreed to be bound by the parties' agreement.

30. Defendant breached that agreement and violated the covenant of good faith and fair dealing by, among other things, wrongfully and baselessly refusing to pay plaintiff the sums due under that agreement.

31. Plaintiff has been damaged thereby.

**COUNT III**
**(Unjust Enrichment)**

32. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. Plaintiff provided to defendant customized products that were of significant value to defendant.

34. Defendant failed to pay plaintiff the amounts due for the products, despite accepting the benefits and value of those products.

35. As a result of its failure to compensate plaintiff for the value of the products provided, defendant has been unjustly enriched.

36. Plaintiff has been damaged as a direct and proximate result.

**COUNT IV**
**(Fraud)**

37. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. Upon information and belief defendant continued to allow plaintiff to manufacture and ship the customized products beginning from the period October 2007 through January 2008 despite knowing that it could not or would not pay for those products.

39. Defendant intentionally withheld material information from plaintiff regarding its capability to pay for the customized products and made false representations concerning future forecasts intending that plaintiff would rely on those representations and omissions to manufacture and ship the valuable customized products to defendant.

40. Plaintiff reasonably relied upon defendant's false and/or misleading statements and omissions.

41. As a proximate result of defendant's fraud, plaintiff has suffered damages.

## RELIEF REQUESTED

WHEREFORE, plaintiff Narragansett Imaging, LLC demands:

(A) Enter judgment on behalf of Narragansett Imaging, LLC on each and every Count to the Complaint;

(B) Enter judgment against defendant Identification International Inc. in the amount of $537,837.06, plus interest, costs and attorneys' fees;

(C) Award Narragansett Imaging, LLC punitive damages;

(D) Award Narragansett Imaging, LLC its costs and reasonable attorney's fees incurred in prosecuting this action pursuant to Rhode Island General Laws §9-1-45; and

(E) Any other such relief as this Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

NARRAGANSETT IMAGING, LLC
By its attorneys,

Christine K. Bush, Esq. (#5587)
DUFFY & SWEENEY, LTD.
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

Date: March 7, 2008

H:\Clients\Narragansett Imaging, LLC (fka FAE-BC Enterprise & BUCE)\Identification International\Pleadings\Complaint.DOC